UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

JAMES G. SHOCKENCY,

        Debtor.

_____/

LISA E. GOCHÁ,

        Plaintiff,

v.

DAVID W. MAIER,

        Defendant.

_____/

Case No. 21-01311-swd
Hon. Scott W. Dales
Chapter 7



Adversary Pro. No. 21-80063


<u>MEMORANDUM OF DECISION & ORDER</u>


PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge


By Order dated Sept. 28, 2021 (ECF No. 9), the court denied the Plaintiff's first Motion for Entry of Default Judgment (ECF No. 6), because the Plaintiff failed to effect proper service. Thereafter, the Plaintiff caused a refreshed summons and the complaint to be served on Defendant at his home and place of business, by mail, after making appropriate inquiry with the Debtor about the Defendant's identity and addresses.

When the Defendant failed to answer or move against the complaint, the Clerk again entered the default under Fed. R. Civ. P. 55 (ECF No. 12), and the Plaintiff filed her second Motion for Entry of Default Judgment (ECF No. 13, the "Motion").

The court is satisfied that service is proper and that the Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 *et seq.* Nevertheless, the court held a hearing on January 20, 2022, to clarify the Plaintiff's theory of claim for purposes of resolving the Motion.

Although the Plaintiff insists that her complaint seeks avoidance on a preference theory under 11 U.S.C. § 547[1] because the Defendant failed to perfect his security interest within the time prescribed under § 547(c)(3)(B), the well-pleaded allegations, which the court accepts as true because the Defendant has not appeared in the adversary proceeding, establish that the supposed transfer -- the transfer of the security interest to be avoided -- occurred post- petition (on May 26, 2021).  *See* 11 U.S.C. § 547(e).  The fact that the Defendant may not have a defense under § 547(c) does not change the requirement for relief under § 547(b)(4) that the transfer occur pre-petition.

Nevertheless, despite Plaintiff's mistaken insistence that she is entitled to relief under § 547, the well-pleaded allegations of the complaint establish a right to relief under § 544(a) because on the petition date, there was no record notice of Defendant's security interest, and so the Plaintiff, standing in the shoes of a lien creditor, would prevail over the holder of an unperfected security interest.  *See* M.C.L. § 440.9317(1)(b) (lien creditor prevails over holder of unperfected security interest).   Plaintiff's complaint simply asks the court to declare this uncontroversial proposition.

Because the relief the Plaintiff requests is merely declaratory of relief available under federal law, here § 544(a), the court finds that the adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K), within the court's jurisdiction under 28 U.S.C. § 1334, which the court may resolve by entering a final order or judgment.  *See, e.g.*, *Tibble v. Wells Fargo Bank, N.A. (In re Hudson)*, 455 B.R. 648, 656-57 (Bankr. W.D. Mich. 2011).

Accordingly, the court will grant the Motion and enter a separate judgment declaring the Defendant's security interest avoided under § 544(a).

NOW, THEREFORE, IT IS HEREBY ORDERED that: (1) the  Motion  is  GRANTED; (2) the Clerk shall enter a separate judgment avoiding the Defendant's security interest; and (3) the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Lisa E. Gochá, Esq., and the United States Trustee (by first class U.S. Mail).

**IT IS SO ORDERED.**

**Dated January 20, 2022**

Scott W. Dales
United States Bankruptcy Judge

---

[1] The Bankruptcy Code is codified in 11 U.S.C. §§ 101 *et seq.*  The court will refer to specific chapters of the Bankruptcy Code as "chapter __" and to specific sections as "§ ___."